

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

No. AP-75,500

Ex parte RICKY EUGENE KERR, Applicant

On Application for Writ of Habeas Corpus,
Cause No. 94-CR-7019 of the 290th Judicial District Court,
Bexar County

*WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON,
KEASLER, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., dissented. HERVEY, J.,
did not participate.*

This is an application for writ of habeas corpus filed pursuant to the provisions of Article

11.071 of the Texas Code of Criminal Procedure.

On November 16, 1995, the applicant was convicted of the offense of capital murder. The

jury answered the special issues submitted under Article 37.071 of the Texas Code of Criminal

Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed the

applicant's conviction and sentence on direct appeal.[1]

In his application, the applicant presented five allegations in which he challenged the validity of his conviction and resulting sentence. The trial court held an evidentiary hearing and entered findings of fact and conclusions of law.

We asked the parties to brief two issues: (1) How should the trial court decide the question of prejudice under a *Wiggins/Strickland* claim of ineffective assistance? and (2) Once a trial court decides the issue of prejudice and makes findings of fact and conclusions of law, what standard should this court use in determining whether those findings and conclusions are appropriate?

On the first issue, we looked to *Strickland v. Washington*,[2] in which the Supreme Court created a two-part test for evaluating ineffective assistance of counsel claims under the Sixth Amendment. In order to show that counsel's assistance was so defective as to require reversal, a defendant must show both that counsel's performance was deficient, and that this deficient performance prejudiced the defense.

> This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[3]

In *Wiggins v. Smith*,[4] the Supreme Court applied this two-part test to an allegation of

---

[1] *Kerr v. State*, No. 72,261 (Tex. Crim. App. June 18, 1997).

[2] 466 U.S. 668 (1984).

[3] *Id.,* at 687.

[4] 539 U.S. 510 (2003).

ineffective assistance of counsel for the failure to adequately investigate and present mitigation evidence during a capital-murder trial. The Court emphasized that *Strickland* does not require counsel to "investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing," nor does it require counsel to present mitigating evidence in every case.[5] In reversing the sentence of death, the Court stated that the available mitigating evidence regarding the defendant's troubled history was stronger, and the State's evidence in support of the death penalty far weaker, than a previous case in which the Court found prejudice.[6] It concluded that the available mitigation evidence which was not presented during sentencing might well have influenced the jury's appraisal of the defendant's moral culpability.[7] This undermined confidence in the sentence of death.[8]

We noted several opinions in which this court has discussed the applicability of the *Strickland/Wiggins* test to the Texas capital punishment framework.[9] We articulated this standard recently in *Ex parte Gonzales*:[10]

> [Under *Strickland*] an applicant must show that there was a reasonable probability that, absent the errors, the jury would have concluded that the balance of the aggravating and mitigating circumstances did not warrant death. Texas' capital sentencing scheme does not involve the direct balancing of aggravating and mitigating circumstances. It asks the jury to answer a mitigation

---

[5] *Id.,* at 533.

[6] *Id.*, at 537-38 (referring to the Court's holding in *Williams v. Taylor*, 592 U.S. 362 (2000)).

[7] *Id.*, at 538.

[8] *Id.*, at 534.

[9] *Ex parte Martinez*, 195 S.W.3d 713 (Tex. Crim. App. 2006) and *Ex parte Woods*, 176 S.W.3d 224 (Tex. Crim. App. 2005).

[10] 204 S.W.3d 391 (Tex. Crim. App. 2006).

issue. We have adapted the Supreme Court's prejudice test to require a showing that there is a reasonable probability that, absent the errors, the jury would have answered the mitigation issue differently. 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'[11]

We remanded the case to the convicting court for the judge of that court to apply the *Gonzales* standard. In our order of remand, we said, "Since the trial court had the benefit of directly observing the entire habeas proceeding, one which lasted nearly two weeks, it is in the best position to weigh this issue and determine the issue of prejudice under the standard that we have stated."

On remand, the judge found that trial counsel failed to prepare for the punishment stage of the trial because they believed the jury would not find the applicant guilty. They were not aware of "compelling evidence of physical and emotional abuse, familial violence, wretched treatment of the defendant by his father, alcoholism, the mental retardation of siblings, drug abuse, a history of head injuries, learning disabilities, and possible fetal alcohol syndrome."

The judge concluded, by asking, "Would the jury have reached a different conclusion knowing about some or all of these mitigating factors?"

We agree that this is the issue.

The judge continued, "This of course, is the hardest question to answer since it involves a prediction concerning an event which never happened. Considering the fact that the jury never heard any mitigating evidence, when plenty of it existed, this court cannot conclude that [the applicant] received a fair hearing on the issue of punishment." She recommended that relief be granted.

---

[11] *Id.*, at 393-94 (internal citations omitted).

"In post-conviction habeas-corpus review, this Court is the ultimate fact finder. Nevertheless, the convicting court is the 'original factfinder' in post-conviction habeas corpus proceedings, and as a matter of course this Court pays great deference to the convicting court's recommended findings of fact …, as long as they are supported by the record, particularly in those matters with regard to the weight and credibility of the witnesses …."[12] When this court's independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record, the Court of Criminal Appeals may exercise its authority to make contrary or alternative findings and conclusions.[13]

In this case, the judge's findings and conclusions are supported by the record, and we accept them.

Relief is granted as to the judgment of death and the sentence. The applicant is remanded to the custody of the Sheriff of Bexar County for a new punishment hearing and other proceedings consistent with this opinion.

Delivered April 1, 2009.
Do not publish.

---

[12] *Ex parte Van Alstyne*, 239 S.W.3d 815, 917 (Tex. Cr. App. 2007).

[13] *Ex parte Reed*, — S.W.3d — (Tex. Cr. App. AP-75,693, December 17, 2008).